IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                     ORDER

Plaintiff,

     v.                                                  09-cv-548-bbc
                                                        07-cr-114-bbc

MARK BERGMANN,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Defendant Mark Bergmann has filed a motion for post conviction relief under 28 U.S.C. § 2255. Defendant was convicted in this court of distributing child pornography and sentenced to a term of 480 months. He appealed his sentence to the Court of Appeals for the Seventh Circuit, arguing that the court had abused its discretion in denying a continuance of the sentencing hearing to allow him an opportunity for a psychological evaluation by a retained psychologist and that it had failed to address allegedly nonfrivolous sentencing factors. The court of appeals found no merit to either argument and denied his appeal.

     In his present motion, defendant alleges three grounds for relief: (1) his trial counsel

1

was ineffective in failing to obtain a psychological report from the retained psychologist before sentencing was to take place; his counsel was ineffective in failing to obtain the psychological assessment so that he would be in a position to argue on appeal why its absence at sentencing was prejudicial to defendant; and defendant's guilty plea was not entered knowingly and voluntarily because he did not know that he was facing a potential 480-month sentence and he does not remember being told by his trial counsel that his guideline sentence could be that high.

As to the first ground, I continue to believe, as I said in the order entered in this case on December 18, 2007, dkt. #20, that a psychological evaluation would have been of little if any value at sentencing. Although defendant argued at the time that it would be useful for the court to know the psychologist's evaluation of defendant's risk for recidivism, the likelihood of his response to treatment and the chances of his success on supervised release, I found that this information would not hold much sway in light of defendant's criminal history. That history disclosed two prior convictions for sexual assault of a child, a third assault for which he had never been charged and two periods of probation, during both of which he had the opportunity to engage in sex offender treatment. As shown by his conviction in this case, however, the treatment opportunities had not cured his addiction to violent and sadistic pornography.

When a person is 40, as defendant was when he was convicted, has a record of sexual

2

assault of children and is addicted to child pornography even after receiving treatment, it is difficult, if not impossible to imagine a psychological report that would persuade any court that he is not likely to offend again or that he could be helped by more treatment. This is particularly true in this case, in which on advice of counsel, defendant refused to make the reports of his previous sex offender treatment available to the court and the probation office or to answer any questions about that treatment.

Proving ineffectiveness of counsel requires a defendant to show both that his counsel performed unprofessionally, or as the Supreme Court phrased it in Strickland v. Washington, 466 U.S. 668 (1984): "whether, in light of all the circumstances, [counsel's] identified acts or omissions were outside the wide range of professionally competent assistance," id. at 690, *and* that the act or omission prejudiced the defendant. The record shows that counsel talked to a psychologist in late October about undertaking a psychological assessment of defendant and delivered relevant documents to her in November. Unfortunately, the psychologist was busy and could not complete the assessment and prepare a report in time for defendant's December 18 sentencing. Looking at the matter almost two years later, I could say that counsel should have talked with the psychologist sooner, but I cannot say his not doing so was outside the range of professionally competent assistance. It is not obvious that a psychologist would need more than six weeks to perform an evaluation and prepare a report. In any event, even if I believed that counsel was

3

ineffective in this regard, which I do not, defendant has not shown that he was prejudiced by the lack of a report. Therefore, I conclude that his first ground for relief fails.

Defendant's second ground for relief, that his appellate counsel was ineffective because he did not obtain a report on defendant's likelihood of recidivism after sentencing to present to the court of appeals, is unavailing. The only issue before the court of appeals was this court's decision not to give defendant more time to obtain a report. In determining that issue, the court of appeals was limited to looking at the record before the trial court. That record did not include any report. Counsel was not ineffective for failing to obtain a report the court of appeals would not have considered.

As for defendant's third ground, that his guilty plea was not knowing and intelligent because he did not know he was facing a sentence of as much as 40 years, defendant has no basis for his contention. The plea agreement that defendant signed advised him that the maximum sentence he could receive was 40 years and he acknowledged at his plea hearing his understanding that he could receive such a sentence.

Defendant says that he does not remember counsel's telling him that his guidelines range was up to 40 years. Defendant's failure to remember being given certain advice does not mean it did not happen. Moreover, as I have explained, defendant was informed on at least two occasions of the maximum penalty he could receive. He cannot plausibly contend that he entered his plea without knowing the potential penalties.

4

ORDER

IT IS ORDERED that defendant Mark Bergmann's motion for post conviction relief is DENIED.

Entered this 22d day of September, 2009.

/s/

BARBARA B. CRABB
District Judge